1  LAW OFFICES OF DOUGLAS J. CAMPION, APC
2  Douglas J. Campion (SBN 75381)
   17150 Via Del Campo, Suite 100
3  San Diego, CA 92127
4  doug@djcampion.com
   Telephone: (619) 299-2091
5  Facsimile: (619) 858-0034

6

7

8  *Attorneys for Plaintiff and the Proposed Class*

9

10

11

12

13        **UNITED STATES DISTRICT COURT, SOUTHERN DISTRICT OF**

14                                    **CALIFORNIA**

15

16  KARLA Y. SOUSA,  on behalf of       Case No.   **'18 CV 2015 JLS  NLS**
    herself and all others similarly
17  situated,
                                        **CLASS ACTION**
18              Plaintiff,
                                        **CLASS ACTION COMPLAINT**
19       v.                             **FOR DAMAGES AND**
                                        **INJUNCTIVE RELIEF PURSUANT**
20  BIG BLOCK REALTY, INC.,             **TO 47 U.S.C. § 227 *ET SEQ.***
    LUISAVALOS, CALI BEAR              **(TELEPHONE CONSUMER**
21  HOMES,                              **PROTECTION ACT)**

22              Defendants.
                                        **DEMAND FOR JURY TRIAL**
23

24

25

26

27

28

   Sousa v. Big Block Realty, Inc.
   Complaint

Plaintiff Karla Y. Sousa (hereinafter referred to as "Plaintiff"), individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of his counsel, and on information and belief as follows:

## NATURE OF ACTION

1.      Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of  Big Block Realty, Inc., Luis Avalos and Cali Bear Homes  (collectively sometimes referred to herein as "Defendants") in negligently, knowingly, and/or willfully contacting Plaintiff and the Class Members on their cellular telephones without their prior express consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* (hereinafter referred to as the "TCPA"), and the Federal Communication Commission rules promulgated thereunder, 47 C.F.R. § 64.1200 ("Rules").

2.      Plaintiff brings this action for injunctive relief and statutory damages resulting from Defendants' illegal actions.

## JURISDICTION AND VENUE

3.      This matter in controversy exceeds $5,000,000, as each member of the proposed Class of tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA.  Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).  Further, Plaintiff alleges a national class, which will result in at least one Class member belonging to a different state. Therefore, both elements of diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA") are present, and this Court has jurisdiction.  This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

4.      Venue is proper in the United States District Court for the Southern  District of California pursuant to 28 U.S.C. §§ 1391(b)-(c) and 1441(a), because Plaintiff resides in this judicial district; Plaintiff received the calls at issue while in this district; Defendants make calls for business purposes to residents of

this judicial district; Defendants have offices or have their headquarters in this district, and Defendants' contacts with this District are sufficient to subject them to personal jurisdiction; and Defendants are deemed to reside in any judicial district in which they are subject to personal jurisdiction at the time the action is commenced.

## PARTIES

5.    Plaintiff Karla Sousa is, and at all times mentioned herein was, an individual citizen of the State of California, who resides in San Diego, California.

6.    Big Block Realty, Inc. ("Big Block") , is a real estate brokerage firm.  It is headquartered in this district, at 2820 Camino Del Rio South, #314, San Diego, California.  It represents that it was recently named "the fastest growing real estate brokerage" and "#26 on the 2016 Inc. 500 list of fastest growing private companies in America."   Cali Bear Homes ("Cali Bear") represents on its Facebook page that it is a real estate agent in San Diego, California with an address at 2820 Camino Del Rio South, #314, San Diego, California, the same address as Big Block, and therefore is an agent of Big Block Realty. Luis Avalos ("Avalos") represents on the webpage www.calibearhomes.com that he is an agent working for Big Block Realty, with the Big Block Realty name and logo displayed prominently on the web page.  His employing broker listed with the California Dept. of Real Estate is Big Block Realty, Inc.   In a prerecorded message left on Plaintiff's cellphone voicemail, Avalos represents he is an agent of Cali Bear Homes and an agent of Big Block Realty, Inc.

7.    Defendants market their services by regularly using the telephone to contact prospective customers, including but not limited to buyers and sellers of real estate.    They do so by making calls to cellphones using an automatic telephone dialing system ("ATDS") to advertise their services and / or by using artificial or prerecorded voice messages to contact persons on their

cellphones.   In doing so, Defendant Big Block, through its agent Avalos and others, marketed its services to Plaintiff and the general public.  Through its agent Avalos, Big Block  contacted Plaintiff and the class members on their cell phones as set forth herein.

### THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8.    In 1991, Congress enacted the TCPA,[1] in response to a growing number of consumer complaints regarding certain telemarketing practices.

9.    The TCPA regulates, among other things, the use of automated telephone equipment, or "autodialers."  Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.[2]

10.    According to findings by the FCC, the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient.  The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[3]

11.    On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are

---

[1] Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, 105 Stat. 2394 (1991), codified at 47 U.S.C. § 227 (TCPA).  The TCPA amended Title II of the Communications Act of 1934, 47 U.S.C. § 201 *et seq.*
[2] 47 U.S.C. § 227(b)(1)(A)(iii).
[3] *Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, CG Docket No. 02-278, Report and Order, 18 FCC Rcd 14014 (2003).

made with the "prior express consent" of the called party.[4]  The FCC "emphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed."[5]

## **FACTUAL ALLEGATIONS**

12.   At all times relevant herein, Plaintiff was an individual residing in the State of California, and within this judicial district.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13.     On information and belief, the decisions complained of herein, relating to the use of an "automatic telephone dialing system" and/or using "an artificial or prerecorded voice" to call consumers' cellular telephones without their prior express consent, and the procedures used in obtaining the cellular phone numbers to be called, and to do so without "scrubbing" them or otherwise determining the call recipients' prior express consent, originated from Defendants and were implemented by Defendants  and their agents,  all of whom  made the calls to cellular phones complained of herein on behalf of Defendants.  Any and all decisions about the calling procedures originated with or were approved by Defendants.

14.   On or about May 22, 2018, Plaintiff received a voicemail message on her cellphone, with her phone number ending in 3187, from Defendant Avalos calling to market Defendants' services. In that voicemail with a prerecorded message, Avalos represented he was an agent of Cali Bear Homes and of Big Block.  That message sought to have Plaintiff contact Defendants to receive a listing valuation for her home.

---

[4] *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991* ("*FCC Declaratory Ruling*"), 23 F.C.C.R. 559, 23 FCC Rcd. 559, 43 Communications Reg. (P&F) 877, 2008 WL 65485 (F.C.C.) (2008).
[5] *FCC Declaratory Ruling*, 23 F.C.C.R. at 564-65 (¶ 10).

16.    Defendants are, and at all times mentioned herein were, "persons", as defined by 47 U.S.C. § 153(39).

17.    All telephone contact by Defendants to Plaintiff on her cellular telephone occurred via an "automatic telephone dialing system," as defined by 47 U.S.C. § 227(a)(1), and/or used "an artificial or prerecorded voice" as described in 47 U.S.C. §  227(b)(1)(A).

18.    Plaintiff did not provide "express consent" allowing Defendants to place a telephone call to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system," within the meaning of 47 U.S.C. § 227(b)(1)(A).

19.    Defendants' telephone call to Plaintiff's cellular phone were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

20.    Defendants' telephone call to Plaintiff's cellular phone utilizing an "artificial or prerecorded voice" or placed by an "automatic telephone dialing system" for non-emergency purposes and in the absence of Plaintiff's prior express consent violated 47 U.S.C. § 227(b)(1)(A).21.   Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendants to demonstrate that Plaintiff provided express consent within the meaning of the statute.[6]

21.    Plaintiff and all members of the Class have been harmed by the acts of Defendants in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights. Plaintiff and putative Class Members suffered an invasion of privacy, as well as particularized and concrete injuries, which are real, actually exist, and are personal to the Plaintiff and to the class members, including the

[6] *See FCC Declaratory Ruling*, 23 F.C.C.R. at 565 (¶ 10).

inducement of stress, anxiety, nervousness, embarrassment, distress, and/or aggravation. Plaintiff and putative Class Members also suffered out-of-pocket losses, including the monies paid to their wireless carriers for the receipt of such calls. Additionally, due to both the answered and unanswered calls placed by Defendants, Plaintiff and putative Class Members suffered the expenditure of their time, exhaustion of their cellular telephone batteries, unavailability of their cellular telephones while Defendants' calls were incoming, and trespass upon their respective chattels. All of the above-mentioned injuries were caused by, are traceable to Defendants' conduct, and/or directly related to, Defendants' placement of calls to Plaintiff and putative Class Members by using an ATDS or by using an artificial or prerecorded voice to call their cellular telephone numbers.

## **CLASS ACTION ALLEGATIONS**

22.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

23.     Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons within the United States who received a non-emergency telephone call or a text message from Bigl Block Realty, Cali Bear Homes, or their agents, to a cellular telephone through the use of an automatic telephone dialing system or an artificial or prerecorded voice within four years to the filing of this Complaint.

Collectively, all these persons will be referred to as "Class members."  Plaintiff represents, and is a member of, the Class.  Excluded from the Class are  the Defendants, and any entities in which they have a controlling interest, their agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

24.     Plaintiff does not know the exact number of members in the

Class, but based upon the size of the company and its stated business practices in making telephone calls, Plaintiff reasonably believes that Class members number at a minimum in the thousands.

25.     This Class Action Complaint seeks injunctive relief and money damages.

26.     The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim.  The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The Class can be identified easily through records maintained by Defendants, and its agents.

27.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual Class members.  Those common questions of law and fact include, but are not limited to, the following:

a.     Whether Defendants made non-emergency calls to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system and/or an artificial or prerecorded voice;

b.     Whether Defendants sent text messages to Plaintiff's and Class members' cellular telephones using an automatic telephone dialing system;

c.     Whether Defendants can meet its burden of showing it obtained prior express consent (*i.e.*, consent that is clearly and unmistakably stated), to make such calls;

d.     Whether Defendants' conduct was knowing

---

Sousa v. Big Block Realty, Inc, et al.
Complaint
- 7 -

and/or willful;

  e.    Whether Defendants are liable for damages, and the amount of such damages; and

  f.    Whether Defendants should be enjoined from engaging in such conduct in the future.

28.    As a person who received one or more telephone calls to her cellphone using an automatic telephone dialing system, or with an artificial or prerecorded voice, without her prior express consent within the meaning of the TCPA and Rules,   Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

29.    Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

30.    A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendants to comply with the TCPA.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the statutory damages in an individual action for violation of the TCPA are small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the Class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

31.    Defendants have acted on grounds generally applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief

with respect to the Class as a whole appropriate.  Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

## FIRST CLAIM FOR RELIEF

**KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.***

32.    Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

33.    The foregoing acts and omissions of Defendants constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34.    As a result of Defendants' knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

35.    Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendants in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## SECOND CLAIM FOR RELIEF

**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT 47 U.S.C. § 227 *ET SEQ.***

36.    Plaintiff incorporates by reference the paragraphs 1 through 31, inclusive, of this Complaint as if fully set forth herein.

37.     The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the TCPA, including, but not limited to, each of the above cited provisions of 47 U.S.C. § 227 *et seq.*

38.     As a result of Defendants' violations of 47 U.S.C. §  227 *et seq.*, Plaintiff and Class members are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

39.     Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendants' violation of the TCPA in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendants:

A.     Injunctive relief prohibiting such violations of the TCPA and UCL by Defendants in the future;

B.     As a result of Defendants' willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

C.     As a result of Defendants' violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages for each and every call that violated the TCPA;

D.     An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E.     An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class

and any Subclasses the Court deems appropriate, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiff as counsel for the Class;

               F.     Such other relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all counts so triable.

Dated:  August 29, 2018

By: */s/ Douglas J. Campion*
Douglas J. Campion

LAW OFFICES OF DOUGLAS J. CAMPION, APC
17150 Via Del Campo, Suite 100
San Diego, CA 92127

*Attorneys for Plaintiff and the Proposed Class*